If it pleases the Court, Michael Clough appearing on behalf of John Harrell. I will try to be brief in my opening arguments, answer your questions. I'd like to reserve three minutes. I think that this case is actually fairly clear cut and simple. I think the briefs cover most of the issues. It essentially comes down to the question of whether or not the files and the records in the case conclusively prove that Mr. Harrell is in fact the murderer. Mr. Harrell is entitled to no relief on three separate allegations. The allegation that he was essentially pressured into pleading because his trial counsel failed to prepare for trial, that he was pressured into pleading because of the threat that if he did go to trial, counsel would exercise a trustee against his wife, and three, that trial counsel made certain representations to him encouraging him to believe that if in fact he did plead, he would get a favorable judgment. Counsel, I've got a procedural question before you get too far into your argument. I'm interested in hearing your argument, but I am just curious as to how we get to this when it appears that these arguments were previously made to another panel of our court, and in 2009 that we denied the motion to withdraw the guilty pleas based on the ineffective assistance of counsel. So is this a different set of arguments? What's going on? Your Honor, I think a couple of things. One, the issue in the appeal was, I think, a fairly narrow question of whether or not the district court judge had the discretion to deny the motion to withdraw the plea without requiring the cross-examination of defense counsel. That is a very separate question from the standards of 2255. I don't think that the motion, the 2255 motion, which involves substantial material that was not in the record. It refers to a declaration by Harold's former attorney. I assume that that's Mr. Jordan. Yes. Is that the same declaration that's before us now, or is it a different declaration? It's the same declaration, which was. So a prior panel of this court has had the same declaration put before it and said on the basis of that and other documentary evidence, his representation was not deficient. How could we overturn that? Your Honor, I don't actually think that's what the court ruled. I think the court simply ruled on the question of whether or not the judge was at that point in time required to require that Mr. Attorney Jordan be cross-examined. It doesn't say, our disposition doesn't say anything to that effect. Our disposition says, I'll read it to you. The district court did not abuse its discretion when it determined on the basis of a declaration by Harold's former attorney and on the basis of documentary evidence presented by Harold that Harold's former attorney did not render deficient representation. That's pretty, that's pretty clear. That's, it doesn't refer to anything to cross-examination or anything else. And even if it did, that's exactly what you're asking for here is an evidentiary hearing. So if you're right that somehow subsumed in that order, then it's, then you're asking for double, a second time around of the same issue. Your Honor, I think, and I apologize to the court, if you read the issues as they were argued on appeal, the only issue that was raised was the question, I think, of whether or not he was cross-examination. But for the moment, let's move beyond that question because what also was in the record that is very different from the record that you're presented with here is that for reasons which obviously we can't know because they're not in the record, Mr. Harold did not provide a declaration. And if you read the hearing on that motion, the primary reason that the court came back to in terms of why he granted the motion was there was no declaration on the part of the defendant. And I agree that in the context of a decision in which there is no declaration by the defendant and that so many of these allegations are clearly regarding matters that are outside of the record, which is something that's not in the record. It's also why I think this case is not, does not fall within the context of a Shaw situation, that if Mr. Harold had presented a declaration at the time of the change of plea hearing and then the court had denied it, then I would say you are absolutely right that he would have been precluded from re-raising the issue in a 2255 absent some kind of different evidence. But what we have in this record is a substantially different presentation of evidence. We have a declaration which was presented by Mr. Harold at a point at which I was retained in the early, he initially filed a pro se 2255. And I would submit that once he was properly advised as to the importance of filing a declaration, he filed a declaration, that is in the record. The appellate court didn't see that declaration. So that for this court to decide that it couldn't decide it on the appellate court, it would in effect be saying that the appellate court's decision precluded Mr. Harold from subsequently filing a declaration which he didn't file at the time of the motion to withdraw. And so I think that is the most substantial difference. Now raises interesting questions as to whether you're entitled to a second bite at the apple. If all you've provided is a declaration from the defendant, clearly that's something that could have been provided in the prior proceeding. That's not new evidence. It's not evidence that couldn't reasonably have been discovered and presented in the court below when you made that motion. So now we sort of declared a do-over. Now we want to provide new evidence and now the defendant is going to provide new evidence that he clearly knew at the time of the prior hearing. Well, Your Honor, I don't think it's really a do-over. I think it is within the context of the 2255. There are multiple reasons why a defendant would not present a declaration at that stage in the proceedings. I don't know any requirement that a defendant submit a declaration at that time in the proceedings. That question goes to the question of how properly advised he was, what the strategic decisions that informed the counsel who was representing him in the new trial motion were at the time. I think that it's clear from the record that the attorney who was representing him at that time was very convinced that he would be able to prevail based on what was actually some fairly clear evidence of lack of preparation and also Attorney Crowley, a very experienced criminal, would not have said that to the defendant. submission of a declaration. And so, and I'm speculating here, but I'm speculating for the reason of saying that I don't think it's fair to Mr. Harrell to require that he have submitted a declaration at a point in time in which there was no requirement that he submit a declaration, but if we read the record, it's pretty clear that his attorney had good reasons to believe both that he would be able, that he had submitted evidence that was sufficient to prove an effective assistance of counsel, and also that he was going to get to examine Attorney Jordan. And I would also emphasize... So what are you asking for here? I'm asking for nothing more than a return for an evidentiary hearing. I think that this is a case in which... You're telling me also that's in effect what was asked for before so you could cross-examine the attorneys after David, right? No. What was asked for before was the ability to cross-examine Attorney Jordan. Is that not an evidentiary hearing? That would be part of the evidentiary hearing. So it's an evidentiary hearing. So now let's move to the deed issue. Because here you have two competing or three competing things. One, you have his sworn testimony that no one had threatened him to induce his plea. So you have that testimony. Then you have the attorney's note, as I understand it, that he gave to his wife that says, I'm not going to, I have no intention of executing on the deed of trust. Correct? So... You can advise the court... Can I finish the question? Yeah. Oh, I'm sorry. You can advise the court at that time. Okay. So if you have his sworn testimony, but then you also have the statement that the attorney is not going to execute on the deed of trust, what's the basis for Mr. Harrell now to say that potential for execution was what induced him to plead guilty? I was just going to note that I only have like 45 seconds left. Go ahead and answer the question. On this question, I think the record is fairly clear. He did not turn over that trust deed. We have a declaration, which was also a well-advised declaration that was submitted by Mr. Harrell's wife, that that trust deed was never turned over. They only got a note guaranteeing it, or not even guaranteeing it, saying it on the morning that he pled. And this is one of the problems with Mr. Jordan's declaration. Mr. Jordan refers to things happening in 2006 that the record clearly documents happened in January of 2007. If, in fact, he had made... Let me ask you this. On the day that he pled, was there a note from Mr. Jordan saying that he was not going to execute on the deed of trust? That note was given to Mrs. Jordan, Tina Durante, before he went to the plea at the same time that Jordan specifically told her not, that she didn't have to come, that nothing was happening on that day. So that coincidence to me, a hand-scrawled note given to her in those circumstances, I think raises serious credibility. If I could... We'll give you a minute for rebuttal. Thank you. Thank you, Your Honor. Good morning, Your Honors. Emily Allen on behalf of the United States. Before I begin, I just want to correct the record as to one point that my opposing counsel made, and that is that the allegation, the second allegation in this case, is that Attorney Jordan pressured the defendant into pleading guilty by threatening to execute a trust deed against the house of his wife. That's not actually what Mr. Harrell alleged. What he alleged was that he feared that the attorney would execute a trust deed. He doesn't make any allegation of any kind that Attorney Jordan ever said anything to cause him to fear that it would be executed. In fact, he acknowledges in his declaration at page 3, which is at the excerpts of record, page 26, that he said he would give the trust deed back. And so there's no actual allegation by the defendant that he was ever threatened by his attorney that that would be executed, putting aside the question of whether that would be improper. In this case, there's just not enough here to grant a hearing, and the district court was well within its discretion, and the standard here is abuse of discretion in the district court's choice to deny a hearing on this question. Because, for one thing, the allegations are palpably incredible, but even more fundamentally, they don't raise a claim that would lead to relief, even if you believe everything that Mr. Harrell said in his declaration. Which, of course, you should not. The defendant here had many, many opportunities to raise the two remaining claims, aside from the claim of deficient preparation and performance by his counsel, which has already been reviewed by this court and rejected. He did not raise either one in his first emergency motion to withdraw. He did not raise either one in his second motion to withdraw. He never raised them at the hearing on his motion to withdraw when he was given an opportunity to make statements. He never raised it at a sentencing hearing when the government supposedly violated an agreement that he now claims to have had. He only half raised it in his 2255 petition before the district court. And then he raised the claim for the very first time in his reply to the 2255 petition, after the United States had had its opportunity to respond. And the district court allowed him to raise that claim. The district court evaluated his declaration, took that into evidence, and considered it along with all the other evidence in the case to determine that no habeas was warranted and that the evidence you're hearing was unnecessary. Now, Your Honor, taking the defendant's declaration and his statements in his 2255 petition, which were also made under penalty of perjury, along with his statements at the plea hearing, which were also made under penalty of perjury, the district court had and took the evidence from the defendant and evaluated that it was simply insufficient to raise a claim. He never presented any evidence that his counsel was actually unprepared to go to trial. He didn't present any evidence of any false promise, only that he believed that they had such a promise. Yes, Your Honor. Damn. So what's the ultimate significance of the statements that he made in giving his plea? Well, here, Your Honor, because we're in the 2255 context and not in 2254, which the Supreme Court made the distinction in Blackledge v. Allison between those two procedural postures, this district judge who evaluated his 2255 petition was the same judge who heard his plea colloquy back in 2007. And so he is in a position to make factual findings based on the transcript of that plea, his own notes, and his recollections of the plea proceeding. And he used that to inform, among all the other evidence, his decision to deny the petition. Thank you. Now, Your Honor, unless there are any further questions, I'm prepared to submit. No questions here. No further questions. Thank you. If you could put a minute back on the clock so he could have some rebuttal time. Thank you. I will be very brief. One, I think that there is evidence in the record that Mr. Jordan wasn't prepared. That was all put into the record at the time of the prior hearing. So that record evidence is there. There was extensive documentation of his lack of preparation, of the fact that he didn't do discovery, he didn't do motions, he never hired an investigator. All of that was in the record below. It was then only rebutted by the declaration which Jordan gave, which was not initially signed, but which the judge then called him and allowed him to affirm, and that was it. So that record is in the evidence. I think it is also correct, and I correct my statement, opposing counsel is right. There is not an explicit threat. There is a fear, but it is a fear that is grounded in reality. There is also the unexplained question of what happened after Mr. Harrell filed, not in 2006 telling Mr. Jordan that he wanted new counsel, but sent a letter to the court just before the hearing, which was never heard. And I'd like to conclude by talking about the plea colloquy. The plea colloquy in this case consisted of five questions, substantially less than is usually the case in Rule 11 plea colloquies. And most critically, what is missing from the plea colloquy here is any question to Mr. Jordan regarding his confidence, satisfaction with his representation by Mr. Jordan. That's not in the plea colloquy. That is usually in most of the plea colloquies, at least that I review, on appeal. It is significant that that is not there because of the fact that the court had been appraised less than a month before the hearing that Mr. Harrell wanted the reappointment of his original appointed attorney. So the court was on notice, based on that, that there was, in fact, possible concern about Mr. Jordan's representation. I agree that it was not a direct threat by Mr. Jordan, but I would suggest that based on the record of preparation that was submitted in the record, that it's clear that Mr. Jordan was in no position to go to trial in this case, in which Mr. Harrell, which is often forgotten, is the lead attorney. And I would conclude by saying that one of the most powerful facts in this case is that Mr. Harrell essentially pleaded under any terms to a life sentence. In those circumstances, he had substantial incentive to just go to trial, unless he believed he was being pressured by something else, i.e., by the threat of what would happen if he did go to trial, and Mr. Jordan, who was still in possession of the trustee, who lacked other research, there's no evidence, had substantial other resources, who was not prepared for trial based on the declaration entered by Crowley. So I think in those circumstances that this is a case in which there are issues that go beyond the question of Mr. Harrell's particular case about the credibility of attorney preparation in plea hearings, and I think it's an important question that ought to be referred back for an evidentiary hearing. I thank the Court. Thank you. Thank both counsel this morning for your argument. The case you just argued, United States v. Harrell, is submitted.
judges: McKeown, Gould, Bybee